**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANSHIR, LLC and DANSHIR PROPERTY MANAGEMENT, LLC, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>GREATER NEW YORK MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No.: 1:21-cv-01158<br><br>State Case No.: 2021 CH 06308 |

## PETITION FOR REMOVAL

Defendant, Greater New York Mutual Insurance Company ("GNY"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446, removes this civil action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, GNY states:

1.　On January 15, 2021, Plaintiffs, Danshir, LLC and Danshir Property Management, LLC ("Plaintiffs"), individually, and on behalf of all others similarly situated, filed a class action complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division captioned *Danshir, LLC and Danshir Property Management LLC, individually, and on behalf of all others similarly situated v. Greater New York Mutual Insurance Company*, No. 2021-CH-06308 (the "Complaint"). A copy of the Complaint filed in the State Court Action are annexed hereto as **Exhibit A**.

2.　The Complaint was first served on Defendant on February 2, 2021.

**BASIS FOR FEDERAL JURISDICTION**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), because this is a civil class action in which the amount in controversy will exceed the sum of $5 million exclusive of costs and interests, and because at least one class member is a citizen of a different state than the Defendant.

4. Removal to United States District Court for the Northern District of Illinois, Eastern Division, is proper in this Court pursuant to 28 U.S.C. § 112(c) because it is the district and division embracing the place where such action is pending in accordance with 28 U.S.C. § 1441(a).

**DIVERSITY OF CITIZENSHIP**

5. Plaintiff Danshir, LLC is an Illinois domestic limited liability company with all of its members being citizens of the State of Illinois.

6. Plaintiff Danshir Property Management, LLC is an Illinois domestic limited liability company with all of its members being citizens of the State of Illinois

7. Defendant is incorporated in the State of New York with its principal place of business in New York City.

8. Because Plaintiffs are citizens of the State of Illinois, and Defendant is a citizen of the State of New York, there is minimal diversity of citizenship among the parties, which satisfies the diversity requirement under CAFA, 28 U.S.C. § 1332(d).

**AMOUNT IN CONTROVERSY**

9. Plaintiff alleges two causes of action against Defendant in the Complaint: (1) breach of contract; and (2) declaratory judgment.

10. Plaintiffs and members of the proposed class seek to recover damages in the amount of the costs for materials and labor required to repair or replace buildings and structures, that Defendant withheld as depreciation from the Actual Cash Value payments (under a replacement cost less depreciation methodology) paid pursuant to the GNY policies issued to Plaintiffs and members of the proposed class. *See* Pl. Complaint at ¶¶ 47-52. Plaintiff also seeks prejudgment interest.

11. In addition to themselves, Plaintiffs seek to recover on behalf of a class of all GNY policyholders who made: (1) a structural damage claim for property located in Maine, Maryland, Ohio, Virginia and Wisconsin; and (2) for which GNY accepted coverage and chose to calculate Actual Cash Value according to the replacement cost less depreciation methodology; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder. *See* Pl. Complaint at ¶ 31.

12. Plaintiffs did not include any information or allegation as to a total amount of damages sought, nor did Plaintiffs attempt to limit the damages sought. *See generally,* Pl. Complaint. The facts alleged in the Complaint, however, provide information regarding the unstated amount in controversy. Plaintiffs state that the size of the class includes "hundreds" of policyholders and the action includes "hundreds or thousands" of individual actions. *See* Pl. Complaint at ¶ 33 and ¶ 39. The Plaintiffs also states that "[the decision] to withhold or not withhold labor as depreciation results in a tremendous difference between the amount a property insurer will pay for the ACV of identical claims." *See* Pl. Complaint at ¶ 18. The specific example given in the complaint reflects a $44,200.41 potential dispute. See Pl. Complaint at ¶ 18. Merely extrapolating this sum to "hundreds" instead of "thousands" of putative class members, easily exceeds $5 million.

13. In sum, the Complaint alleges facts regarding the amount in controversy which are sufficient to establish by a preponderance of the evidence that members of the proposed class seek a monetary judgment in an amount that exceeds the $5 million aggregate jurisdictional threshold under CAFA, 28 U.S.C. § 1332(d).

## REMOVAL PROCEDURE

14. This Notice of Removal is timely because it was filed within thirty days after service of the summons and complaint was made on January 28, 2021. See 28 U.S.C. § 1446(b)(1).

15. No previous application has been made for the relief requested herein.

16. Defendant has complied with all statutes, orders, and provisions governing the removal of this action.

17. Defendant does not waive any legal defenses that they may have to defend against the allegations made by Plaintiff in the Complaint.

18. Promptly after filing this Notice of Removal, Defendant will provide written notice of same to Plaintiffs and will file with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Law Division, the Notice of Filing of Notice of Removal attached hereto as **Exhibit B**. See 28 U.S.C. §1446(d).

WHEREFORE, Defendant respectfully requests that the State Court Action be removed to the United States District Court for the Northern District of Illinois, Eastern Division, and that this Court assume jurisdiction of this action and make such further orders as may be required to property determine this controversy.

Dated: March 3, 2021

          Respectfully submitted,

          **FORAN GLENNON PALANDECH**
          **PONZI & RUDLOFF PC**


By:    /s/: *Matthew S. Ponzi*
          Matthew S. Ponzi, Esq.
          222 N. LaSalle St., Suite 1400
          Chicago, Illinois 60601
          (312) 863-5000
          mponzi@fgppr.com

          *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2021 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Northern District's Local Rules and/or the Northern District's Rules on Electronic Service upon the following parties and participants:

James X. Bormes #6202568
Catherine P. Sons #6290805
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, Illinois 60603
 (312) 201-0575
bormeslaw@sbcglobal.net
cpsons@bormeslaw.corn

David T. Butsch #06205434
Christopher E. Roberts #6302857
Butsch Roberts & Associates LLC
231 S. Bemiston Ave., Suite 260
Clayton, MO 63105
 (314) 863-5700
butsch@butschroberts.com
roberts@butschroberts.com

*Attorneys for Plaintiffs*

*/s/:  Matthew S. Ponzi*
Matthew S. Ponzi, Esq.
222 N. LaSalle St., Suite 1400
Chicago, Illinois 60601
(312) 863-5000
mponzi@fgppr.com

*Attorneys for Defendant*