UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANSHIR, LLC and DANSHIR PROPERTY MANAGEMENT, LLC individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GREATER NEW YORK MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 21-CV-01158 |

## ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The claims of the Representative Plaintiffs, Danshir, LLC and Danshir Property Management, LLC, (the "Representative Plaintiffs") against the Defendant, Greater New York Mutual Insurance Company, ("GNY" or the "Defendant"), have been settled, individually and on behalf of a class of policyholders of GNY, pursuant to the Stipulation and Settlement Agreement signed by the Parties in March 2023 (the "Agreement"). On April 21, 2023, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement (the "Settlement") and approved the Agreement through amended orders on June 2, 2023 and July 25, 2023, and provisionally certified the Settlement Class for settlement purposes only.

On October 26, 2023, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether judgment should be entered for the claims of the Representative Plaintiffs, including the claims of Class Members who have not requested exclusion from the Settlement Class; and (3) whether, and

in what amount, to award attorneys' fees and expenses to Class Counsel and a service award to the Representative Plaintiffs.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. The terms and conditions of the Agreement, which were attached to the motion for preliminary approval filed with the Court, are hereby incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Agreement.

2. The Court has personal jurisdiction over the Representative Plaintiffs, the Defendant, and Class Members. Venue is proper and the Court has subject matter jurisdiction to approve the Agreement including all exhibits thereto, and the Court has jurisdiction to enter this Judgment. Without in any way affecting the finality of this Judgment, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, construction, and interpretation of the Agreement and of this Judgment. Further, the Court retains jurisdiction to protect, preserve, and implement the Agreement, including, but not limited to, enforcement of the releases contained in the Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

3. The Settlement was negotiated at arm's length, by experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in extensive and multiple settlement negotiation sessions after exchanging complete class member data regarding the amounts of costs withheld from actual cash value payments and the dates of withholding. Counsel for the Parties were, therefore, well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense

that would be necessary to prosecute the Action through class certification, trial and any appeals that might be taken, and the likelihood of success.

4. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been satisfied, for settlement purposes, in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which common questions predominate over any questions affecting only individual members; (c) the Representative Plaintiffs and Class Counsel have, and will continue to, fairly and adequately represented the interests of the Settlement Class for purposes of the Settlement; and (d) a class action is an appropriate method for the fair and efficient adjudication of the controversy. Accordingly, and pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finally certifies the Settlement Class for settlement purposes only, as identified in the Settlement Agreement, defined as follows:

    a. "Settlement Class" means: All policyholders under any commercial lines property insurance policy issued by GNY who made a covered Structural Loss claim for property located in the State of Illinois during the applicable Class Period, as defined below, and who were issued an ACV payment where Nonmaterial Depreciation was withheld. Settlement Class also includes commercial policyholders for which an ACV would have been made but for the withholding of Nonmaterial Depreciation causing the loss to drop below the deductible.

    b. Excluded from the Settlement Class are:

Policyholders whose claims arose under labor depreciation permissive policy forms, *i.e.*, those forms and endorsements expressly permitting the "depreciation" of "labor" through use of those express terms within the text of the policy form. And any Policyholders whose claims arose from any other policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation;

3

    Policyholders who received one or more ACV payments for claims, but not replacement cost value payments, that exhausted the applicable limits of insurance;

    Policyholders whose claims were denied and/or abandoned without ACV payment;

    Policyholders whose claims are, or have been, litigated by or against GNY in Illinois state or federal court;

    Policyholders whose claims have been fully resolved and released through a prior settlement(s) executed with GNY;

    GNY and its officers and directors;

    Members of the judiciary and their staff to whom this action is assigned and their immediate families; and,

    Class counsel and their immediate families.

    c.    The "Class Period" includes only policyholders whose loss accrued between January 1, 2019 through September 23, 2021, and who submitted timely notice of their loss to GNY.

    6.    Pursuant to Federal Rule of Civil Procedure 23 the Court appoints James X. Bormes of the Law Office of James X. Bormes P.C., David T. Butsch and Christopher E. Roberts of Butsch Roberts & Associates LLC, and T. Joseph Snodgrass of Snodgrass Law LLC are designated as Class Counsel for the Settlement Class.

    7.    The Court also designates Representative Plaintiffs Danshir LLC and Danshir Property Management, LLC as the representatives of the Settlement Class.

    8.    The Court makes the following findings with respect to Class Notice to the Settlement Class:

    a.    The Court finds that the Class Notice, the establishment of an automated toll-free, interactive, voice response phone system, and the Settlement website, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided

with notice; and (iii) complied fully with all legal requirements, including the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the Rules of this Court, and any other applicable law.

  b. Class Counsel has filed with the Court an affidavit from Atticus Administration LLC Administration, the independent third-party Administrator for the Settlement, establishing that the Class Notice and Claim Form were mailed to Class Members on June 9, 2023 and August 4, 2023 and the Settlement website was established on April 24, 2023, and the telephone line available for Class Members to call was available beginning June 9, 2023. Adequate notice was given to the Settlement Class in compliance with the Settlement Agreement and the Preliminary Approval Order.

9. Persons who wished to be excluded from the Settlement Class were provided an opportunity to request exclusion as described in the Class Notice and on the Settlement website. The Court finds that the individual interests of the persons who timely sought exclusion from the Settlement Class are preserved and that no person was precluded from being excluded from the Settlement Class if desired. Those persons who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit 1.

10. Defendant has complied with all notice obligations in connection with the proposed Settlement.

11. No objections to the Settlement were filed. No Class Members opted out of the Settlement.

12. Class Members, who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Judgment, to Class Counsel's application for fees, costs, and expenses, or to the service awards to the Representative Plaintiff, in accordance with the procedure set forth in the Class Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13. The terms and provisions of the Agreement, including all Exhibits thereto, have been entered into in good faith and, pursuant to Federal Rule of Civil Procedure 23, are hereby fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Class

Members. The Court hereby enters judgment approving and adopting the Settlement and the Agreement.

15. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby awards Class Counsel attorneys' fees and reasonable litigation expenses in the total amount of Five Hundred Fifty-Seven Thousand Five Hundred Dollars ($557,500.00), payable by the Defendant pursuant to the terms of the Agreement. The Court also awards service awards in the amount of $10,000.00 in total to the Representative Plaintiffs Danshir LLC and Danshir Property Management LLC, payable by the Defendant pursuant to the terms of the Agreement. The Defendant shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto of attorneys' fees and expenses awarded by the Court.

15. The terms of the Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in and on, all Released Claims by the Representative Plaintiffs and each Class Member, who did not timely and properly exclude itself, himself or herself from the Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all other Releasing Persons.

16. The Releases set forth in Section 9 of the Settlement Agreement are incorporated herein, in all respects, and are effective as of the entry of this Judgment. The Released Persons are forever released, relinquished, and discharged by the Releasing Persons, including all Class Members who did not timely exclude themselves from the Settlement Class, from all Released Claims (as that term is defined below and in the Agreement).

    a. Although the definitions in the Agreement are incorporated in, and are a part of this Judgment, for avoidance of doubt and ease of reference, some of those definitions are repeated as follows:

i. "ACV Payment" means an actual cash value payment made on an insurance claim for a Structural Loss, calculated by estimating the replacement cost value of covered damage, and subtracting estimated depreciation, including Labor Depreciation, and any applicable deductible.

ii. "Covered Loss" means a first party insurance claim for Structural Loss, as defined below, that (a) occurred during the Class Period, and (b) resulted in an ACV payment by GNY, or would have resulted in an ACV payment but for the deduction of Nonmaterial Depreciation.

iii. "Nonmaterial Depreciation" means application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" in Xactimate® software or similar labor depreciation option settings if competing estimating software programs were used.

iv. "Effective Date" means the first date on which all of the following conditions have occurred: (a) all Parties have executed this Agreement; (b) no party has terminated the Agreement; (c) the Court has entered the Preliminary Approval Order; (c) the Court has entered a Final Judgment, approving the Agreement and the Proposed Settlement, releasing all of the Released Persons from all of the Released Claims; and, (e) the Final Judgment has become Final.

v. "Final" means, with respect to a judgment or order that: (a) the time has expired to file an appeal with no such appeal having been filed; or (b) if an appeal has been filed, (i) the judicial ruling or order has been affirmed without modification and with no further right of review, or (ii) such appeal has been denied or dismissed with no further right of review, in all cases so as to permit the implementation of the Proposed Settlement in accordance with and without material change to this Agreement.

vi. "Released Persons" means individually and collectively GNY and all independent adjusting companies acting for GNY and all of the past and present Affiliates, successors and predecessors in interest, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters, advisers, insurers, co-insurers, re-insurers, consultants, vendors, independent contractors, and legal representatives of GNY.

vii. "Releasing Persons" means individually and collectively the Representative Plaintiffs, all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

      viii.    "Structural Loss" means direct physical loss or damage to real property located in Illinois covered by any commercial insurance policy issued by GNY.

  b.  The Representative Plaintiffs, and each Class Member, shall, by operation of the Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged GNY from any and all claims, Unknown Claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has, or may have had, prior to the Effective Date, and arising from a loss during the Class Periods, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and punitive or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or federal, state or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, that the Representative Plaintiff or Class Members have, or may have, had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to (the "Released Claims"):

      i.    Depreciation or Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss;

      ii.    any and all claims that were or could have been brought, whether based upon contract, statute, regulation or tort, pertaining to the calculation, deduction, determination, inclusion, modification, omission, and/or withholding of the depreciation or Nonmaterial Depreciation in the adjustment and/or payment of any Covered Loss;

      iii.    the allegations and all claims contained in the complaint, or could have been alleged in the complaint, in the Action concerning the alleged systematic

        practice of deducting Depreciation and/or Nonmaterial Depreciation through the use of estimating software.

    iv.    The Released Claims do not include claims under any coverages other than for loss or damage to structures or buildings. Further, the Released Claims do not apply to Class Members' claims for replacement cost benefits under Structural Loss insurance claims that are made after the date of Preliminary Approval or outside the class period and determined pursuant to the terms and conditions of policies of insurance. Further, this release only applies to claims arising under insurance policies issued by GNY.

    c.  In agreeing to the foregoing Releases, the Representative Plaintiffs, for itself and on behalf of Class Members, explicitly acknowledges that Unknown Claims could possibly exist and that any present losses may have been underestimated in amount or severity. The Representative Plaintiffs, or any Class Member, may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, the Representative Plaintiff and each Class Member expressly agree that he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims. Further, the Representative Plaintiffs and Class Members agree and acknowledge that they are bound by the Settlement Agreement, including by the Releases, and that all of their claims in Action asserted against the Defendant shall be dismissed, with prejudice, and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist, or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement or never received a Claim Settlement Payment. The Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

d. This Judgment does not release and determine: (a) claims arising after the Effective Date; (b) claims for valuation or payment of a Covered Loss under any property insurance policies issued by the Defendant that are not related to the withholding of payment for Labor Depreciation; (c) Class Members' rights and obligations under this Agreement; and, (d) the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement Class in accordance with this Agreement.

e. The Representative Plaintiffs and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action and have acknowledged that the Representative Plaintiffs and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

f. The Representative Plaintiffs and each Class Member is deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

g. The Agreement shall be the exclusive remedy for all Class Members with regards to the Released Claims.

17. Neither the Agreement, the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions, nor any pleadings, motions, or other document related in any way to the Agreement shall be:

a. Construed as an admission or concession by the Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind by the Defendant or any Released Persons;

      b.    Offered or admitted into evidence in the Action, in support of, or in opposition to, a motion to certify a contested class against the Defendant;

      c.    Offered or admitted into evidence in the Action, as an admission or concession of liability or wrongdoing by the Defendant;

      d.    Offered or received in evidence in any action or proceeding, against the Defendant, in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases or this Judgment.

18.    If the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

19.    This Judgment and the Agreement (including the Exhibits thereto) may be filed in any action against, or by, any Released Person in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.    The Representative Plaintiffs and all Class Members, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, maintaining, or participating in (as parties, class members or otherwise), any new or existing action or proceeding, before any court or tribunal, regarding any Released Claims

against any Released Persons, and from organizing any Class Members into a separate class for purposes of pursuing, as a purported class action, any lawsuit regarding any Released Claims against any Released Persons.

21. The Released Claims of Representative Plaintiffs Danshir, LLC and Danshir Property Management, LLC, individually, and on behalf of the Settlement Class, are hereby settled, compromised, and resolved against the Defendant without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

22. The Parties are hereby directed to implement and consummate the Settlement, according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

23. Upon completion of all the terms of the Agreement, Plaintiffs shall file a satisfaction of judgment.

24. The Court hereby enters Final Judgment, as described herein, and expressly determines that there is no just reason for delay. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Agreement and this Judgment, including jurisdiction to enter such further orders as may be necessary or appropriate.

So Ordered: _/s/ Rebecca R. Pallmeyer_  Date: October 26, 2023
Hon. Rebecca R. Pallmeyer